**ZHOU XIN LIU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–3016–ag.

United States Court of Appeals, Second Circuit.

May 31, 2006.

Jim Li, New York, NY, for Petitioner.

Catherine L. Hanaway, United States Attorney, Eastern District of Missouri; Andrew J. Lay, Assistant United States Attorney, St. Louis, MO, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Zhou Xin Liu ("Liu"), a native and citizen of the People's Republic of China, petitions for review of the May 2005 BIA order affirming Immigration Judge ("IJ") Adam Opaciuch's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision, i.e., minus the arguments for denying relief that were rejected by the BIA. See Xue Hong Yang v. U.S. Dep't of Justice, 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see, e.g., Zhou Yun Zhang v. INS, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." Ramsameachire v. Ashcroft, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. Secaida–Rosales v. INS, 331 F.3d 297, 307 (2d Cir.2003).

Substantial evidence supports the IJ's adverse credibility determination. The IJ identified a significant inconsistency between Liu's testimony and documentation. While Liu testified that he had moved to Shanghai after he argued with the birth control office for taking away his wife for an abortion, both Liu's written application and his wife's letter indicated that Liu went into hiding because the family planning officials sought to arrest him for refusing to pay the fine in June 1998. Thus, the IJ reasonably found that Liu's testimony contradicted his claim. Moreover, Liu testified that his father paid the fine at the end of the year. Thus, to the extent that Liu actually fled his home town due to the unpaid fine, that reason for remaining in hiding was obviated at the end of 1998. Liu's omission of the fact that his father paid the fine, moreover, is material to the case because the payment having been made eliminates the reason that Liu asserted in his asylum application for being a fugitive.

Additionally, the accuracy of Liu's testimony concerning his wife's whereabouts at the time she was taken by Chinese officials

for an abortion was certainly questionable; several answers were contradictory upon translation, and to that extent, the IJ properly characterized Liu's testimony in that regard as inconsistent and vague. On this point, petitioner has argued in his brief that there was a problem with the translation at the proceedings before the IJ. This Court, however, lacks jurisdiction to consider that argument because Liu failed to exhaust this issue in his appeal before the BIA. *See Theodoropoulos v. INS*, 358 F.3d 162 (2d Cir.2004) (stressing that courts are generally required to strictly enforce statutory exhaustion requirements); *see also* 8 U.S.C. § 1252(d)(1) (providing that a court may review a final order of removal only if the alien has exhausted all available administrative remedies).

Further, the IJ properly determined that Liu's ability to obtain identity documents at the time he was allegedly in hiding undermined his credibility. For example, Liu's identity card was issued to him by the Public Security Bureau in May 2000, notwithstanding that this was a period when he claimed the Public Security Bureau wanted to arrest him.

In sum, the inconsistencies in Liu's testimony, his ability to obtain documents from the Public Security Bureau at a time when he says they intended to arrest him, and the tendency of the documentation, such as Liu's wife's letter, to contradict his testimony, provided substantial evidence in support of the IJ's adverse credibility determination.

Because Liu failed to raise his CAT claim in his brief to this Court, any challenge to the IJ's and BIA's resolution of this issue is deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having complet-

ed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).